THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. D. H. AHREND Co., INC., Defendant, and HERBERT AHREND, Appellant.— Judgment affirmed. The evidence in this case warranted the finding that the individual defendant "knowingly permitted" the violation of the Labor Law. It is only outside the record of testimony that suggestion appeared below or in this court that the default in payment of the employees was compelled by circumstances beyond the control of the individual defendant who was in control of the corporation. Present — Peck, P. J., Dore, Callahan, Breitel and Bastow, JJ.; Dore and Callahan, JJ., dissent and vote to reverse and dismiss the information on the ground that the People failed to establish beyond a reasonable doubt that the individual defendant "knowingly" permitted the corporation to violate the Labor Law by failing to pay the wages in question.

■

ALBERT FLEGENHEIMER, Appellant, v. LEON BERGL et al., Respondents.— Order, so far as appealed from, unanimously reversed and the motion granted, with leave to replead as a partial defense so much of the allegations of the stricken pleading as is appropriate as a partial defense. The vice in allowing the defense as presently pleaded to stand as a partial defense is that it is largely conceived and framed as a counterclaim which is not allowed. Much of it is inappropriate as a defense and should not be allowed to stand as such. In the interest of a proper joining and limiting of issues, any partial defense should be properly framed and limited to allegations of proper defense. Settle order on notice. Present — Peck, P. J., Dore, Cohn, Breitel and Bergan, JJ.

■

MARGOT E. AGHNIDES, Appellant-Respondent, v. ELIE P. AGHNIDES, Respondent-Appellant.— Within three months after her marriage to defendant, a man nearly twenty years older than herself, plaintiff had been hospitalized for a week, had taken a honeymoon trip to Europe, returned to this country, left defendant for her parents' home in Indianapolis, and less than two weeks after that departure made repeated and unequivocal offers and attempts to return to defendant. Defendant disputes the bona fides of plaintiff's offer to return, and the learned Trial Justice has granted his counterclaim for separation on the ground that plaintiff's offer contained material reservations. However, the only evidence to sustain this ground must be found in plaintiff's conduct during the first two and a half months of this turbulent marriage or in a short, indefinite conversation between the parties on October 23, 1952. Plaintiff's conduct during the early, trying stages of her marriage was not of such a character as to warrant a finding that it had frozen into a permanent attitude which must brand her subsequent offers to return as made in bad faith. The conversation testified to by defendant — and flatly denied by plaintiff — is ambiguous and does not necessarily bear the conclusory interpretation put upon it by defendant. We therefore hold that the evidence in the case falls short of what is required to sustain defendant's counterclaim for separation. Judgment unanimously modified, without costs, so as to deny and dismiss defendant's counterclaim for separation and otherwise affirmed. Settle order on notice. Present — Peck, P. J., Dore, Callahan, Breitel and Botein, JJ.